DIANE J. HUMETEWA
United States Attorney
District of Arizona

Raymond K. Woo
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 023050
Telephone (602) 514-7500
raymond.woo@usdoj.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>      v.<br><br>Cesar Ernesto Gonzalez,<br><br>            Defendant. | CR-05-0921-PHX-DGC<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, CESAR ERNESTO GONZALEZ, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Counts 4 and 9 of the Indictment. Count 4 is a violation of Title 21, United States Code, Section 841(a)(1); Possession with Intent to Distribute Cocaine Base. Count 9 is a violation of Title 18, United States Code, Section 924(c)(1)(A)(i); Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Count 4 is a class B felony offense. Count 9 is a Class A felony offense.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.



1. **MAXIMUM PENALTIES**

   a. In this instance, a violation of Title 21, United States Code, Section 841(a)(1), is punishable by a maximum fine of $2,000,000.00, a minimum term of imprisonment of 5 years, a maximum term of imprisonment of 40 years, or both fine and imprisonment, and a term of supervised release of at least 4 years.

   b. A violation of Title 18, United States Code, Section 924(c)(1)(A)(i) is punishable by a maximum fine of $250,000.00, a minimum mandatory consecutive term of imprisonment of five (5) years to life, or both, and a term of supervised release of up to five years.

   c. Because defendant has pled guilty to multiple counts, defendant faces a maximum statutory fine of up to $2,250,000.00, a minimum statutory term of imprisonment of ten years, a maximum statutory imprisonment of life, or both fine and imprisonment.

   d. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

   (1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

   (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

   (3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

   e. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $200.00 ($100.00 per count). The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

/

2. **AGREEMENTS REGARDING SENTENCING**

   a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate the defendant will be sentenced within the range of 120 months, the mandatory minimum sentence as provided by statute; 21 U.S.C. § 841(b)(1)(B)(iii) and 18 U.S.C. § 924(c)(1)(A)(i), and 130 months. There are no other agreements regarding sentencing.

   b. If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea

   c.  The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

   d.  <u>Acceptance of Responsibility</u>  Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense, if the defendant would be eligible for a recommended two-point reduction pursuant to Section 3E1.1 of the Guidelines and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the advisory sentencing guideline offense level, as set forth in Section 3E1.1 of the Guidelines.

3. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Counts 1, 2, 3, and 7 of the Indictment upon defendant being sentenced on Counts 4 and 9.

   b.  The United States agrees not to prosecute Defendant for violations of 21 U.S.C. §§ 846 and 841(a), 18 U.S.C. §922(g)(1), and 18 U.S.C. § 924(c) in relation to items seized during his arrest on September 21, 2005, at 1301 E. Thomas Road, # 106, Phoenix, Arizona.

   c.  This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

   d.  The United States is not presently aware of any federal investigations or charges.

4. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

5. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

6. **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

7. **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

   a.   The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

   (1)   All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

   (2)   All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

   (3)   All history of drug abuse which would warrant a treatment condition as part of sentencing.

   (4)   All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a.   Defendant declares he was the sole owner of the firearm described below, which was seized by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) on July 28, 2005.

   b.   Defendant agrees and states that the following firearm; a Glock, Model 17, 9mm handgun, serial number GXL610, was involved in or used in violation of federal law by Defendant. Defendant further agrees that the firearm is subject to seizure, forfeiture and/or abandonment by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States.

   c.   Defendant abandons and renounces all right, title, and interest in the firearm, withdraws any and all claims to that property, and consents to the administrative forfeiture or judicial (civil or criminal) forfeiture and/or abandonment of the firearms/ammunition by the United States. Defendant understands that the appropriate law enforcement agency will dispose of the property in accordance with law, including by destruction. The defendant hereby agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against the

1  firearms and waives any statute of limitations or time limits, statutory or otherwise, applicable
2  to the commencement of an administrative forfeiture action.
3      d.     Defendant agrees to hold harmless and waive any claim for damages or cause of
4  action of any nature whatsoever against the United States, including the Bureau of Alcohol,
5  Tobacco and Firearms, and any other Federal, state, or local government or agency, as well as
6  any agents and employees thereof based on the seizure, storage, or forfeiture of the property
7  described herein.
8      e.     The defendant hereby waives the requirements of Fed. R. Crim. P. 32(d)(2) and
9  43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this
10 Plea Agreement, and further agrees not to contest or challenge in any manner (including direct
11 appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the
12 forfeiture constitutes an excessive fine or punishment.

## ELEMENTS OF THE OFFENSE AND FACTUAL BASIS

15 Defendant has been advised of the following elements for the offenses of Title 21, United
16 States Code, Section 841(a)(1); Possession with Intent to Distribute Cocaine Base, and Title 18,
17 Section 924(c)(1)(A)(i); Possession of a Firearm in Furtherance of a Drug Trafficking Crime,
18 and that in order to be found guilty of the charges at trial, the United States would have to prove
19 each of the following elements beyond a reasonable doubt with respect to each charge:

21 **Elements**

### Possession with Intent to Distribute Cocaine Base

23 First, on or about July 28, 2005, in the District of Arizona;
24 Second, the defendant knowingly possessed with intent to distribute a mixture and substance
25 containing a detectable amount of cocaine base, a Schedule II controlled substance.
26 ///
27 ///
28 ///

## Possession of a Firearm in Furtherance of a Drug Trafficking Crime

<u>First</u>, defendant knowingly possessed a Glock 9mm handgun on or about July 28, 2005;

<u>Second</u>, at the time defendant possessed the same firearm, he knowingly possessed it in furtherance of a federal drug trafficking offense; and

<u>Third</u>, the offense occurred within the District of Arizona.

**Factual Basis**

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On July 28, 2005, at 1301 E. Thomas Road, #106, Phoenix, District of Arizona, defendant knowingly possessed with intent to distribute 7.3 grams of cocaine base, a Schedule II controlled substance. When defendant sold this cocaine base to an undercover law enforcement officer, defendant knowingly possessed a Glock, Model 17, 9mm handgun, serial number GXL610, in furtherance of this federal drug trafficking crime.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

3-24-08  
Date

CESAR ERNESTO GONZALEZ  
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the

8

guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/24/08
Date

Philip Hantel
Attorney for Defendant

### UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

3/24/08
Date

Raymond K. Woo
Assistant U.S. Attorney

### COURT'S ACCEPTANCE

6/10/08
Date

DAVID G. CAMPBELL
United States District Judge